IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEMLOCK CROSSING, LLC, and AMY HOLSINGER, on her behalf and on behalf of her minor child, and SHAWN PENNABAKER and CARLA PENNABAKER, on their behalf and on behalf of their minor children,<br>             Plaintiffs,<br>    v.<br><br>LOGAN TOWNSHIP, a Pennsylvania Second Class Township, and FRANK J. MELOY, JAMES A. PATTERSON, and JERRY C. FULARE, in their capacity as Supervisors of Logan Township,<br>             Defendants. | CIVIL ACTION NO. 3:07-26<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

Gibson, J.,

Now before the Court is Plaintiffs' Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e) (Document No. 54), as well as Defendants' Opposition thereto (Document No. 56). Plaintiff Hemlock Crossing, LLC (hereinafter "Hemlock") filed its Complaint on February 5, 2007, stating claims under the Fair Housing Act of 1968, 42 U.S.C § 3601 *et seq.* (hereinafter "FHA"), and 42 U.S.C § 1983. Document No. 1. Eleven days later, Hemlock also moved for preliminary injunctive relief from a state condemnation proceeding. Document No. 3. Before the hearing on that motion, however, Defendants moved to dismiss the lawsuit on the basis of *Younger* abstention. Document No. 20. After Plaintiffs filed an Amended Complaint and Defendants renewed their motion to dismiss, the Court held on April 9, 2007, that it must abstain from interfering with the state proceeding, dismissed the claims for equitable relief, and denied the motion for preliminary injunction. Document No. 53. Plaintiffs then filed the motion *sub judice* on April 13, 2007.

1

The remaining factual and procedural histories of this case are adequately set forth in the Court's previous Memorandum Opinion and need not be repeated here. Because Plaintiffs could have appealed the Court's denial of their Motion for Preliminary Injunction under 28 U.S.C. § 1292(a)(1), that Order can be considered a judgment for purposes of FED. R. CIV. P. 59. *Lichtenberg v. Besicorp Group, Inc.*, 204 F.3d 397, 400 (2d Cir. 2000). "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations and alterations omitted). "Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'" *Payne v. DeLuca*, No. 02-1927, 2006 U.S. Dist. LEXIS 89251, at **5-6 (W.D. Pa. Dec. 11, 2006) (quoting *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)).

Plaintiffs first argue that by denying their Motion for Preliminary Injunction, this Court contravened "the clear legislative intent of the FHA and create[d] a dangerous public policy and precedent." Document No. 55, p. 3. By abstaining under *Younger v Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), Plaintiffs contend, the Court effectively sanctions any discriminatory use of state condemnation powers. *Id.*

The Court recognizes that Congress has empowered the judiciary to enjoin prospective discriminatory housing practices. 42 U.S.C. § 3613(c)(1) states that "if the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and . . . may grant as relief, as the court deems appropriate, any permanent

2

or temporary injunction, temporary restraining order, or other order." But the forms of relief authorized in federal legislation do not necessarily free the Court from considerations to which it is otherwise bound. For instance, the First Circuit, in a decision joined by then-Judge Breyer, held that Congress did not expand the equitable power granted in § 3613 as widely as it could have. *Casa Marie, Inc. v. Sup. Ct. of P.R.*, 988 F.2d 252, 262 (1st Cir. 1993) (finding that the FHA does not constitute an express exception to the Anti-injunction Act, 28 U.S.C. § 2283). Thus, though respectful of the mandate Congress codified in § 3613, the Court may still find, as it did, that comity concerns warrant restraint. To avoid the "dangerous precedent" about which Plaintiffs warn, the Court would have to reach a conclusion that governing caselaw precludes: state proceedings may be disregarded anytime FHA claims are plead. *See, e.g., Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1204 (3d Cir. 1992) (finding *Younger* abstention appropriate with regard to a claim for injunctive relief under the FHA). The Court would rather guide its analysis according to the factors the Third Circuit has delineated for *Younger* abstention, which, as detailed in the Memorandum Opinion Plaintiffs seek to alter, suggest that injunctive relief would be inappropriate in this case. The Court thus fails to see how its interpretation of the FHA and *Younger* principles was clearly wrong.

Moreover, the Court disagrees that its exercise of abstention in this case somehow ratifies the discriminatory use of the condemnation power. To suggest otherwise risks inferring that state courts are either confederate with unconstitutional local action or wholly incompetent to enforce antidiscrimination laws of any variety. Federal courts are not the sole arbiters of federal rights. To the extent that Plaintiffs worry undue delay will undermine their case by forcing the expiration of tax credits and time-sensitive loans, the Court finds no reason to conclude that the Court of Common Pleas of Blair County is incapable of the expedition that Plaintiffs seek. Indeed, as Defendants note, Plaintiffs have

3

filed in the condemnation case an Emergency Motion for Immediate Relief requesting an immediate order restoring Hemlock's title to the disputed property. Document No. 56-2.

Plaintiffs also contend that the Court's ruling deprives the Pennabaker and Holsinger families (hereinafter "the individual Plaintiffs") of "their primary statutory relief—the specific right to seek an injunction." Document No. 55, p. 6. Irrespective of any justiciability issues relating to the individual Plaintiffs, the Court's reluctance to interfere with the ongoing state condemnation proceeding is not quelled merely because the individual Plaintiffs have no standing to intervene in the Court of Common Pleas of Blair County. Their interest in this matter—seeing the proposed development proceed uninhibited by local interference—are coincident with those of the developer and must therefore be given unitary treatment. *Sullivan v. Pittsburgh*, 811 F.2d 171, 178 (3d Cir. 1987) (citing cases for the proposition that unitary treatment is appropriate "where there exists an identity of economic activities and interests" (citations omitted)).

Lastly, Plaintiffs argue that the Court erred in staying the federal case pending the outcome of the state condemnation proceeding. Document No. 55, pp. 6-7. Because the stay neither ends the federal case nor constitutes a collateral order, the Court will treat this aspect of Plaintiffs' Motion as one for reconsideration, though the standard is identical to that for Rule 59: "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co.*, 52 F.3d at 1218). The Court finds unavailing, however, Plaintiffs' argument that "[b]ecause the problem of potentially duplicative damages can be remedied, it should not be the basis for this Court's decision to stay the federal court proceedings." Document No. 55, p. 7. The contention that "any award in federal court may provide that the amount awarded in the state court specifically compensating Hemlock for the lost value of the

4

condemned property shall be reduced by the federal court's award for that same measure of damages," *id.* at 6-7, does little to convince the Court that its exercise of discretion was unsound, and the stay order shall remain undisturbed.

An appropriate Order follows.

**AND NOW**, this 23rd day of April, 2007, upon consideration of Plaintiffs' Motion to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e) (Document No. 54), **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**